UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

JAMES ROBERT BAILEY,

Petitioner,

v.

MARTY C. ANDERSON,

Respondent.

Civil No. 01-604 (PAM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be SUMMARILY DISMISSED pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 1990, Petitioner was convicted in the U.S. District Court for the District of Colorado on charges of "mishandling U.S.D.A. food coupons." (Petition, [Docket No. 1], ¶s 2-3.) He was sentenced to 30 months in federal prison, to be followed by a 36-month

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED APR 19 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

term of supervised release. (Id.) Petitioner served his 1990 prison sentence during the early 1990s, and he served part of his term of supervised release during the mid-1990s. However, he apparently was taken into custody and served other state prison sentences (unrelated to the sentence at issue here) before completing his term of supervised release. Therefore, he was still serving his supervised release term from his 1990 conviction during 1999 and 2000. In September 2000, Petitioner was accused of violating the terms of his supervised release, and on November 17, 2000, the Colorado federal district court revoked his supervised release. Petitioner was sent back to prison for another ten months, and he is currently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota.

Following the revocation of his supervised release, Petitioner took a direct appeal to the Tenth Circuit Court of Appeals. That appeal apparently is still pending.

After his notice of appeal was filed, Petitioner filed a motion in the trial court pursuant to 28 U.S.C. § 2255, seeking relief from the revocation order and immediate release from custody. The trial court denied Petitioner's § 2255 motion without prejudice, because of his still pending direct appeal. (United States of America v. James Robert Bailey, Civil Action No. 01-B-179, Criminal Action No. 89-CR-395-B, (D.Colo.), "Order Denying 28 U.S.C. § 2255 Motion," dated Feb. 2, 2001; Petitioner's "Appendix of Exhibits," [Docket No. 2], Exhibit 1(b).) The trial court noted that "'[a]bsent extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending.'" (Id., quoting United States v. Cook, 997 F.2d 1312, 1319 (10th Cir. 1993).) The court further noted that Petitioner's § 2255 motion would be denied without prejudice and that "Mr. Bailey may

refile a § 2255 motion after the direct appeal is concluded if he chooses." (Id.)

On April 6, 2001, Petitioner filed his current petition seeking habeas corpus relief under 28 U.S.C. § 2241. In this action, he is again challenging the trial court's order of November 17, 2000, which caused him to be sent back to prison. Petitioner's arguments will not be addressed on the merits, however, for the reasons discussed below. Instead, it will be recommended that his petition be summarily dismissed pursuant to Rule 4.

## II. DISCUSSION

It is well-settled that a federal prisoner normally can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is directly challenging the order entered in his criminal case that revoked his supervised release and caused him to be returned to prison. His present habeas corpus petition is therefore subject to § 2255's exclusive remedy rule, and it must be dismissed for lack of jurisdiction, unless Petitioner can show that § 2255 is an inadequate or ineffective remedy.

Petitioner may believe that § 2255 is an inadequate or ineffective remedy because the trial court dismissed the § 2255 motion that he attempted to file earlier this year. However, § 2255 cannot be viewed as an inadequate or ineffective remedy -- thereby allowing a prisoner to challenge his conviction or sentence in a § 2241 habeas petition -- simply because the prisoner has previously filed a § 2255 motion that was denied. United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (§ 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied"); Bradshaw v. Story, 86 F.3d 164, 166-67 (10th Cir. 1996) ("'[f]ailure to obtain relief under 2255 does not establish that the remedy so provided is either inadequate or ineffective'") (quoting Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963), cert. denied, 377 U.S. 980 (1964)).

In this case, moreover, Petitioner is not permanently foreclosed from seeking relief under § 2255; he has merely been informed that he cannot seek relief under that statute while his claims are still being reviewed in the Tenth Circuit Court of Appeals. The trial court, (the Colorado District Court), has expressly indicated that Petitioner can seek relief

under § 2255 after his appeal is decided.[2] Thus, the remedy provided by § 2255 remains available to Petitioner.

The Court has not overlooked Petitioner's contention that he might serve out the balance of his present prison term before his direct appeal is decided by the Tenth Circuit Court of Appeals, in which case the relief he is seeking (if granted) would come too late to do him any good. That might be a valid concern, and it might provide grounds for asking the Court of Appeals to expedite the resolution of his pending appeal.[3] However, Petitioner has failed to explain how his concern about the timeliness of the Court of Appeals' decision could give this Court the legal authority to step in and address Petitioner's claims before the Court of Appeals has had a chance to do so.

Thus, the Court concludes that Petitioner cannot challenge the trial court's revocation of his supervised release in a habeas corpus petition brought under 28 U.S.C. § 2241. The instant petition, which directly challenges the validity of the trial court's

---

[2] This does not mean, of course, that Petitioner will necessarily be successful in a future § 2255 motion, or that the trial court will even reach the merits of any claims raised in a future § 2255 motion. Indeed, it seems highly unlikely that the trial court would adjudicate any claim that was raised, or could have been raised, in Petitioner's direct appeal. See United States v. Warner, 23 F.3d 287, 290 (10th Cir. 1994) ("[s]ection 2255 motions are not available to test the legality of matters which should have been raised on direct appeal"). The Tenth Circuit's ruling in Petitioner's direct appeal will probably constitute the final decision on all claims pertaining to the revocation order.

[3] The Tenth Circuit Court of Appeals has held that the rules governing appellate procedures can be modified as necessary to allow for expedited resolution of appeals. United States v. Stemm, 835 F.2d 732, 734 (10th Cir. 1987). See also United States v. Bekedermo, No. 99-5145 (10th Cir. 1999), 1999 WL 1243110 (unpublished opinion) (granting defendant's motion to expedite appeal following district court's revocation of supervised release). This is not to say that the Tenth Circuit would, or should, grant a motion to expedite in Petitioner's case; the Court is merely pointing out that there is an available legal mechanism for raising Petitioner's timeliness concerns.

sentencing order, must therefore be summarily dismissed for lack of jurisdiction.[4]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

(1) Petitioner's "Motion For Order To Allowing [sic] The Petitioner To Proceed In Forma Pauperis," (Docket No. 5), be DENIED;

(2) Petitioner's "Motion For Release Pending Review Of Habeas Corpus Petition [etc.]," (Docket No. 3), be DENIED; and

(3) Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED.

Dated: April 19th, 2001

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[4] Because Petitioner has failed to state an actionable habeas corpus claim, it is further recommended that his "Motion For Release Pending Review Of Habeas Corpus Petition [etc.]," (Docket No. 3), and his "Motion For Order To Allowing [sic] The Petitioner To Proceed In Forma Pauperis," (Docket No. 5), be summarily denied.