UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Bailey,

Petitioner,

Civ. File No. 01-604 (PAM/AJB)

v.

**ORDER**

Marty C. Anderson,

Respondent.

---

This matter is before the Court on Plaintiff's objections to the Report and Recommendation of Magistrate Judge Arthur J. Boylan dated April 19, 2001.

The Court must conduct a de novo review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Local Rule 72.1(c)(2). Based on a review of the record and the submissions of the parties, the Court concludes that the Magistrate Judge's Report and Recommendation is correct, and that Petitioner's petition for a writ of habeas corpus should be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

Petitioner argues that Magistrate Judge Boylan neglected to include all relevant facts in the Report and Recommendation. Specifically, Petitioner contends that the Magistrate Judge should have noted that, at the time of Petitioner's supervised release revocation proceeding, which was held in the U.S. District Court for the District of Colorado, the Government conceded that Petitioner's term of supervised release had expired several days before the revocation proceeding. According to Petitioner, this information is crucial

FILED JUN 14 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD JUN 14 2001
DEPUTY CLERK

because it establishes the validity of his claims, namely, that the court that revoked his supervised release did not have jurisdiction to do so.

Petitioner may ultimately be correct that the Colorado court lacked jurisdiction over him at the time of the revocation proceeding. However, as Magistrate Judge Boylan noted, this claim is currently pending on direct appeal to the Tenth Circuit. Moreover, Petitioner's challenge pursuant to § 2241 is not well taken, because his exclusive remedy is a petition under § 2255 in the Colorado court. 28 U.S.C. § 2255. Petitioner has not shown that such a petition is "inadequate or ineffective to test the legality of his detention." Id. Thus, this Court does not have jurisdiction over Petitioner's § 2241 petition.

The Court is sympathetic to Petitioner's claims that he will likely be released from custody prior to any ruling by the Tenth Circuit. The Report and Recommendation notes that Petitioner can seek expedited consideration from the Tenth Circuit. Petitioner contends that he sought such consideration and that the Court of Appeals did not rule on his request. However, Petitioner only replied "yes" to the form question of whether he would like an expedited appeal. He did not submit a motion or other supporting documents for his request. Although like Magistrate Judge Boylan, this Court expresses no opinion either on the merits of Petitioner's substantive claims or on the propriety of expedited consideration, Petitioner may now wish to more directly seek expedited review of his claims in the Tenth Circuit.

As the statute requires, the Court has conducted a de novo review of the record regarding Magistrate Judge Boylan's Report and Recommendation. See 28 U.S.C.

§ 636(b)(1); Local Rule 72.1(c). Based on that review and all the arguments of the parties, the Court **ADOPTS** the Report and Recommendation.

Accordingly, based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's "Motion for Order To Allowing The Petitioner To Proceed In Forma Pauperis" (Clerk Doc. No. 5) is **DENIED**;
2. Petitioner's "Motion For Release Pending Review of Habeas Corpus Petition" (Clerk Doc. No. 3) is **DENIED**;
3. Petitioner's Motion "To Take Judicial Notice of an Inaccuracy in the Record" (Clerk Doc. No. 9) is **DENIED AS MOOT**; and
4. Petitioner's application for habeas corpus relief is **SUMMARILY DISMISSED** pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: June 13, 2001

Paul A. Magnuson
United States District Court Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES: JUN 14 2001

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.